McCaffrey Brothers Company, appellant, v. Chicago, Burlington & Quincy Railroad Company, appellee.

FILED FEBRUARY 18, 1926.   No. 23542.

1. Carriers: RATES. A freight rate once lawfully established continues to be the legal rate until legally canceled. Subsequent tariffs naming new rates, without canceling previous rates, cannot carry the new rate into lawful effect.

2. ———: TARIFF. Parts of a supplement to a freight tariff may be canceled and the remainder of the supplement continue in effect.

3. ———: ———: CONSTRUCTION. A tariff, or a supplement thereto, must be construed in its entirety, considering both the limitations on its title page and the rules contained therein. Supplements are a part of the tariff the same as though originally incorporated therein.

4. ———: ———: SUPPLEMENT. A special supplement to a tariff issued by a railroad company in form, pursuant to special permission of the interstate commerce commission, and purporting to increase freight rates, is valid and effective if it fairly sets forth, when construed as an entirety, (1) the amendments made, (2) the cancelation of all original rates relating to the same service to which the amendments pertain, and (3) information as to where all changes from the original tariff that are effective on the date thereof may be found.

5. ———: ———: ———. *Held,* under the evidence in this case, special supplement No. 7 to tariff issued by the Chicago, Burlington & Quincy Railroad Company, taking effect March 10, 1921, cancels all prior rates on the commodities therein enumerated, and the rates herein prescribed were legally in effect during the time the services set forth in plaintiff's petition were performed.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Smith, Schall, Howell, Howard & Sheehan,* for appellant.

*Byron Clark, Jesse L. Root, J.. W. Weingarten, C. W. Krohl* and *Kenneth F. Burgess, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

This is an action at law brought by plaintiff, McCaffrey Brothers Company, a corporation, against the defendant railroad company, to recover alleged excessive freight charges exacted by defendant for transportation over its line of certain car-loads of sand between named Nebraska points. Issues were joined in the trial in district court which resulted in a judgment for defendant. From this determination the plaintiff appeals.

The ultimate facts are not in dispute. The services performed and the amount of compensation exacted are agreed upon between the parties. The gist of the controversy presented in this case is found in, and to be determined from, the provisions of a certain supplement to tariffs issued by the defendant, taking effect March 10, 1921, which will hereafter be referred to as supplement No. 7. It is conceded that by tariff effective February 29, 1920 (C. B. & Q. G. F. O. Tariff, 11677-C), a rate of 2½ cents per hundred pounds between the points in controversy was the established and legal rate.

On July 20, 1920, the interstate commerce commission, in a proceeding known as Ex parte 74, entered an order authorizing the defendant to increase its existing interstate rates 35 per cent. Pursuant to said order defendant published and filed its tariff with the interstate commerce commission increasing the interstate rate at that per cent., said increase becoming effective August 26, 1920.

The defendant thereupon made application to the Ne-

384 . NEBRASKA REPORTS. [VOL. 114

McCaffrey Bros. Co. v. Chicago, B. & Q. R. Co.

braska state railway commission to increase its intrastate rate in an amount equal to that authorized by the interstate commerce commission. This was refused, and the Nebraska state railway commission authorized and directed that for transportation of sand between points named in plaintiff's petition the defendant should continue to charge the sum of 2½ cents per hundred pounds, and further ordered that the minimum charge per car-load should be increased from $10 to $12.50. Pursuant to the last order referred to, the defendant established said rates by tariffs duly published and filed with the Nebraska state railway commission, to take effect September 27, 1920, in what is known as supplement No. 4 to C. B. & Q. G. F. O. Tariff, No. 11677-C. Thereafter a complaint was filed with the interstate commerce commission alleging that the order of the Nebraska state railway commission granted undue advantage, preference, and discrimination in the transportation of interstate and intrastate traffic. The interstate commerce commission rendered its opinion and order adjudging that the aforesaid rates in the state of Nebraska were unduly prejudicial and discriminatory in favor of intrastate traffic, and further ordered the defendant and other roads to put in force and maintain charges for services on Nebraska intrastate traffic corresponding to the increase authorized in Ex parte 74. Thereafter the defendant filed its petition in the United States district court against the Nebraska state railway commission and others praying for an injunction enjoining the Nebraska state railway commission from interfering with putting into effect the increase authorized by the interstate commerce commission on February 21, 1921. The federal court, after hearing, entered its interlocutory injunction granting the prayer of plaintiff's petition. The defendant thereafter, pursuant to the action taken by the interstate commerce commission, printed and published a special supplement purporting to be applicable solely to Nebraska intrastate traffic, becoming effective March 10, 1921.

Plaintiff contends that the language of supplement No. 7

is insufficient to cancel the rates set forth in supplement No. 4, which fixed the compensation for the services set forth in petition at 2½ cents per hundred pounds, and the last-named rates, being once lawfully in effect, were therefore in effect at the time the services in controversy were rendered, and the compensation in suit, which was 3½ cents per hundred pounds, was exacted without authority and was excessive in the sum of 1 cent. per hundred pounds.

The law applicable to this case does not seem to be a matter of dispute. It is rather a question of construction presented for determination. We deem, however, (a) that a tariff or supplement must be construed in its entirety, considering both the limitations on its title page and the rules contained therein (*United Shoe Machinery Corporation v. Director General*, 55 I. C. C. 253) ; (b) that parts of a supplement to a tariff may be canceled and the remainder of the supplement continue in effect (rule 8-A, supplement No. 3 to tariff circular 18-A) ; (c) that, in determining the rate to be charged by a carrier, all parts of the tariff filed should be considered, and, if a plain meaning can be gathered therefrom, effect should be given to it (*Portland Cattle Loan Co. v. Oregon Short Line R. Co.* 251 Fed. 33).

The question presented to us becomes a mere construction of the provisions of supplement No. 7, in the light of the authorities hereinbefore referred to, the facts being practically admitted.

The first question naturally presented by the petition of the appellant here is: Are the rates prescribed by supplement No. 4 properly canceled by provisions of supplement No. 7? On the first page of supplement No. 7 appear the words: "Increase in freight rates. Freight rates named in tariffs and supplements thereto, listed on page 6, are hereby increased to the rates shown in column B of rate tables, on pages 3 to 5, inclusive. See application of rates, page 2, taking effect March 10, 1921."

On the second page of supplement No. 7 appears the following: "Effective March 10, 1921. Class and commodity

386· NEBRASKA REPORTS. [VOL. 114

McCaffrey Bros. Co. v. Chicago, B. & Q. R. Co.

rate, * * * in effect, on July 29, 1920, on Nebraska intrastate traffic (see cancelation below) in tariffs enumerated herein as amended, to each of which tariffs this is a special supplement, are increased to the rates shown in column B in table of rates of pages 3, 4, and 5 hereof, except as otherwise provided below.* * *

"Cancelation. Rates on Nebraska intrastate traffic in supplements to tariffs supplemented hereby, as listed on page 6, published to take effect after July 29, 1920, are hereby canceled. *The increases herein provided apply to the rates which were in effect on July 29, 1920.*"

It is to be noted that "rates on Nebraska intrastate traffic," not supplements, are canceled by the terms of the above provisions. We take it that rates contained in a supplement may be canceled without the cancelation of the supplement which contains the rates. I. C. C. Tariff, Circular 18-A, supplement No. 3, rule 8, par. 9. It would seem that the rates to which the cancelation is sought to be applied are amply described in words in the above provision, viz.: "Published to take effect after July 29, 1920." The words would obviously include the rates set forth in supplement No. 4, which supplement was published as taking effect after "September 27, 1920."

It may be said in passing that no difficulty appears to be created by the reference to the supplements containing rates canceled as being those set forth on page 6 of supplement No. 7, for on this page, among others, supplement No. 4 is enumerated. It would therefore follow that the rates set forth in supplement No. 4 pertaining to sand were properly canceled by the provisions of supplement No. 7. Bearing in mind that the cancelation announced in supplement No. 7 is of rates, and not of supplements, no difficulty is created by the enumeration on page 6 of supplements Nos. 2, 4, 6, and 7, as "supplements containing all changes from the original tariff that are effective on the date hereof." An inspection of supplement No. 4 discloses that, in addition to the rates contained which were canceled, it carried a provision which was not affected by the language

Knight v. Chicago, B. & Q. R. Co.

of supplement No. 7, and which, therefore, remained in full force and effect. Because of this provision it was properly noted as being one which, together with other supplements, contained all changes from the original tariff that were effective on the date of supplement No. 7, March 10, 1921.

The determination that supplement No. 7 fully conformed to the rules of the interstate commerce commission, and of the statute governing the same, practically disposes of this controversy, though it may be said that the provisions in supplement No. 7 clearly provide for an increase of the rate in controversy in this action from 2½ cents to 3½ cents per hundred pounds, and also disclose that these changes were in effect at the date of the respective shipments set forth in plaintiff's petition. It would therefore follow that the amount of compensation exacted by defendant was in strict accordance with the provisions of the tariff then in force, and that the judgment of the district court was right in so determining.

The judgment of the district court is

AFFIRMED.